**Anthony JONES, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–965.**

Court of Appeals of Alaska.

May 23, 1986.

William A. Davies, Asst. Public Defender, Fairbanks, and Dana Fabe, Public Defender, Anchorage, for appellant.

James V. Gould, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Harold M. Brown, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

**1.** *Jones v. State,* MO & J No. 684 (Alaska App., August 29, 1984).

## OPINION

COATS, Judge.

Anthony Jones was convicted, after a jury trial, of theft in the second degree, AS 11.46.130(a)(1). He appealed on the basis of a purported *ex parte* communication between trial Judge James R. Blair and the jury. We remanded for an evidentiary hearing.[1]

The record reflects that at trial the judge instructed the jury that one element of theft in the second degree required the defendant to "obtain the property of another." *See* AS 11.46.100(1). The court then defined "obtain" as "to exert control over property of another."

On remand, Judge Jay Hodges heard testimony from one of the original jurors and from Jones' trial counsel. The testimony revealed that the jury sent a note to Judge Blair inquiring as to the meaning of "exert control." Judge Blair responded, through the bailiff, "to exert control means to exert control." Neither party, nor their attorneys, discovered the *ex parte* communication until after the verdict.[2]

Pursuant to our order of remand, Judge Hodges entered findings of fact and conclusions of law, denying Jones' motion for a new trial based on the *ex parte* communication. Judge Hodges found that the *ex parte* communication occurred, but that any error was harmless because Judge Blair's response "merely restated the jury instructions." Thus, the only issue on appeal is whether the *ex parte* communication was harmless error.

█ A defendant has a constitutional right to be present at every stage of the trial and to be notified of any communication from the jury. *Dixon v. State,* 605 P.2d 882, 884 (Alaska 1980); *Newman v. State,* 655 P.2d 1302, 1307 (Alaska App. 1982); Alaska R.Crim.P. 38(a). Failure to notify the defendant of a jury communica-

**2.** Jones' counsel apparently was told of the communication by a juror after the jury was discharged.

tion is constitutional error that requires reversal on appeal unless the error is found harmless beyond a reasonable doubt. *Dixon*, 605 P.2d at 884; *Richardson v. State*, 579 P.2d 1372, 1373 (Alaska 1978); *Newman*, 655 P.2d at 1307. Moreover, the state bears the burden of proving the error harmless beyond a reasonable doubt. *Wamser v. State*, 652 P.2d 98, 103 (Alaska 1982).

■ The state urges that harmless error analysis mandates a focus on the content of the *ex parte* communication rather than the effect of the defendant's absence. We believe, however, that the focus is on the type of action taken by the court in the defendant's absence, not the propriety of that action. In *Wamser*, the supreme court stated:

> While the final decision as to the appropriate response to such a jury request is left to the trial court's discretion, we think it critically important that the defendant and his counsel be notified of the request. They should be allowed to consult with the trial court and to offer comments, suggestions, and objections to guide both the substance and phrasing of the court's response to the jury's request.

*Wamser*, 652 P.2d at 101–02 (quoting *Dixon*, 605 P.2d at 887). Consistent with the rationale of *Wamser* is our above stated approach to the question of harmless error, which focuses on the type of action being taken by the court rather than the propriety of the action ultimately chosen. Under *Wamser* and our approach, the error occurs in not allowing the defendant to offer comments, suggestions, and objections to guide the substance and phrasing of the court's response to the jury.

■ In the present case, Judge Blair could have instructed the jury differently, or not at all. We think, consistent with the rationale of *Wamser*, that it was critical for Jones to be heard before Judge Blair chose a response to send to the jury. Although the evidence against Jones was strong, his defense, in part, was that he did not exert sufficient control over an alleg-

edly stolen snow machine to be guilty of theft. Since the jury inquired about the definition of "exert control," we must assume that the jury believed that this definition was important to its resolution of the case. Accordingly, we cannot find that the *ex parte* communication constituted error that was harmless beyond a reasonable doubt.

REVERSED.